1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

ROBERTA BILBREY, JIMMY BAHN, LAWRENCE GOLDMAN, MARK PEOPLES, JAMAL SAMAHA, GEORGE QUINLAN, KARA DRATH, GARY HANNA, SARAH GRAVLIN, CAITLIN KREMER, CINDY ORTIZ, ALEXI CHISARI, ROBERT MOSS, MICHAEL BRUMER, DAVE JAHSMAN, JOHN BARTHOLOMEW, VIMAL LAWRENCE, KAYCE KLEEHAMER, MARK KLEIN, BRIAN KLEIN, CHARLES DENARO, ADAM PRYOR, SRIKARTHIK SUBBARAO, DANIEL ALLAN, PAUL GONZALES, ERIC FADEN, HAMILTON HINES, AND KRISTEN GRATTON, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

AMERICAN HONDA MOTOR CO., INC., a California corporation,

            Defendant.

Case No. 2:19-cv-05984 RGK(ASx)

**PROTECTIVE ORDER**

1.      A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. GOOD CAUSE STATEMENT

This case relates to model year 2019-2020 Acura RDX vehicles.  Plaintiffs' claims are based on one or more vehicle technology components in these vehicles, *see* SAC ¶ 297, and therefore this action is likely to involve trade secrets; proprietary engineering data; customer and pricing lists and other valuable research, development, commercial, and financial information; and other technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may also consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information implicating privacy rights of third parties (such as third-party suppliers); and other information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

1    Accordingly, to expedite the flow of information, to facilitate the prompt
2    resolution of disputes over confidentiality of discovery materials, to adequately protect
3    information the parties are entitled to keep confidential, to ensure that the parties are
4    permitted reasonable necessary uses of such material in preparation for and in the
5    conduct of trial, to address their handling at the end of the litigation, and serve the ends
6    of justice, a protective order for such information is justified in this matter.  It is the
7    intent of the parties that information will not be designated as confidential for tactical
8    reasons and that nothing be so designated without a good faith belief that it has been
9    maintained in a confidential, non-public manner, and there is good cause why it should
10   not be part of the public record of this case.

11   2.    <u>DEFINITIONS</u>

12        2.1    <u>Action</u>: this pending federal lawsuit.

13        2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation
14   of information or items under this Order.

15        2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how
16   it is generated, stored or maintained) or tangible things that qualify for protection under
17   <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause
18   Statement.

19        2.4    <u>Competitor/Conflicted Consultant</u>:   any expert or consultant who is
20   currently (1) an employee of an automobile manufacturer competitor ("Competitor") of
21   any Honda entity; (2) serving as a consultant to such Competitor on matters relating to
22   the vehicle components in issue in this litigation, including without limitation vehicle
23   media connectivity development; or (3) otherwise conflicted out based on, *inter alia*,
24   agency principles or governing law (collectively, "Conflicted Consultants").

25        2.5    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their
26   support staff).

27        2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or
28   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

1  or "HIGHLY CONFIDENTIAL."

2      2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

3  the medium or manner in which it is generated, stored, or maintained (including, among

4  other things, testimony, transcripts, and tangible things), that are produced or generated

5  in disclosures or responses to discovery in this matter.

6      2.8    <u>Expert</u>:   a person (and their staff) with specialized knowledge or

7  experience in a matter pertinent to the litigation who has been retained by a Party or its

8  counsel to serve as an expert witness or as a consultant in this Action.

9      2.9    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive

10  "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-

11  Party would create a substantial risk of serious harm that could not reasonably be avoided

12  by less restrictive means.   By way of example, and not limitation, "HIGHLY

13  CONFIDENTIAL" information may include economically or competitively sensitive

14  information such as non-public design, development, or testing information (particularly

15  that relates to recent or current model year vehicles); engineering specifications or

16  schematics; strategic planning or pricing information; trade secrets; negotiation strategies;

17  proprietary hardware or software or systems; and proprietary edits or customizations to

18  software.

19      2.10   <u>House Counsel</u>:  attorneys who are employees of a party to this Action.

20  House Counsel does not include Outside Counsel of Record or any other outside

21  counsel.

22      2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association or

23  other legal entity not named as a Party to this action.

24      2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to

25  this Action but are retained to represent or advise a party to this Action and have

26  appeared in this Action on behalf of that party or are affiliated with a law firm which

27  has appeared on behalf of that party, and includes support staff.

28      2.13   <u>Party</u>:  any party to this Action, including all of its officers, directors,

1  employees, consultants, retained experts, and Outside Counsel of Record (and their
2  support staffs).

3      2.14  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
4  Discovery Material in this Action.

5      2.15  <u>Professional Vendors</u>:  persons or entities that provide litigation support
6  services (e.g., photocopying, videotaping, translating, preparing exhibits or
7  demonstrations, and organizing, storing, or retrieving data in any form or medium) and
8  their employees and subcontractors.

9      2.16  <u>Protected Material</u>:  any Disclosure or Discovery Material that is
10  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11      2.17  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material
12  from a Producing Party.

13  3.  <u>SCOPE</u>

14      The protections conferred by this Stipulation and Order cover not only Protected
15  Material (as defined above), but also (1) any information copied or extracted from
16  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
17  Material; and (3) any testimony, conversations, or presentations by Parties or their
18  Counsel that might reveal Protected Material.

19      Any use of Protected Material at trial shall be governed by the orders of the trial
20  judge.  This Order does not govern the use of Protected Material at trial.

21  4.  <u>DURATION</u>

22      FINAL DISPOSITION of the action is defined as the conclusion of any appellate
23  proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.
24  Even after final disposition of this litigation, the confidentiality obligations imposed by
25  this Order shall remain in effect until a Designating Party agrees otherwise in writing
26  or a court order otherwise directs. Final disposition shall be deemed to be the later: of
27  (1) dismissal of all claims and defenses in this Action, with prejudice; and (2) final
28  judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY

CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" according to the discretion of the Party or Non-Party who is making such documents or materials available.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identifies the Disclosure or Discovery Material on the record or in writing within 21 days of receipt of the final transcript of the deposition or other proceedings.  All testimony shall be treated as "HIGHLY CONFIDENTIAL" until the expiration of such 21-day period, unless mutually agreed by the Parties in writing.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules.   See http://www.cacd.uscourts.gov/honorable-alka-sagar.   To avoid ambiguity as to whether a challenge has been made, the written notice must identify the specified Protected Information by Bates number and recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

1   by the Designating Party or ordered by the Court. Pages of transcribed deposition
2   testimony or exhibits to depositions that reveal Protected Material may be separately
3   bound by the court reporter and may not be disclosed to anyone except as permitted
4   under this Stipulated Protective Order; and

5        (i)    any mediator or settlement officer, and their supporting personnel,
6   mutually agreed upon by any of the parties engaged in settlement discussions.

7        7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless
8   otherwise ordered by the Court or permitted in writing by the Designating Party, a
9   Receiving Party may disclose any information or item designated HIGHLY
10  CONFIDENTIAL to the persons listed in Paragraph 7.2 sections (a) and (c)-(i), subject
11  to the following additional requirements:

12       (a)    Before disclosure of "HIGHLY CONFIDENTIAL" Information may be
13  made to any Experts (as defined in this Order), and in addition to the requirements set
14  forth in Paragraph 7.2(c), counsel for defendant must be given at least ten (10) business
15  days' prior written notice of the identity of the Expert or consultant to whom such
16  disclosure is to be made (including his or her name, address, current job title and
17  employer, current resume, and the names of Competitors in the past three years by
18  which the Expert or consultant has been employed, retained or performed services for)
19  and must not object to disclosure, but if defendant objects to disclosure, no disclosure
20  of "HIGHLY CONFIDENTIAL" Information shall be made unless and until resolution
21  of such objection has been reached; plaintiffs agree to not retain any Expert or
22  consultant who is: (i) currently an employee or independent contractor of a Competitor;
23  (ii) currently serving as a consultant to a Competitor on matters relating to the vehicle
24  components in issue in this litigation, including without limitation infotainment
25  components; or (iii) otherwise conflicted out based on, inter alia, agency principles or
26  governing law. The requirements of this paragraph apply with respect to any Competitor
27  or Conflicted Consultant as defined in Section 2.4.

28       (b)    Notwithstanding the foregoing, a Receiving Party may disclose any

"HIGHLY CONFIDENTIAL" Information or Items while on the record in a deposition taken in this action to a witness provided: (i) counsel in good faith believes the witness has knowledge of the matters contained in the "HIGHLY CONFIDENTIAL" Information or Items (but only as to the subject matter to which the witness is reasonably believed to have knowledge); (ii) counsel in good faith deems it necessary for the prosecution of defense of this action to show the "HIGHLY CONFIDENTIAL" Information or Items to the witness; and (iii) the witness shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before the "HIGHLY CONFIDENTIAL" Information or Items are disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of this action to show "HIGHLY CONFIDENTIAL" Information or Items to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute in advance of the "HIGHLY CONFIDENTIAL" Information or Items are disclosed to the witness. If the parties are unable to resolve the dispute, the "HIGHLY CONFIDENTIAL" Information or Items shall not be disclosed to the witness until such time that the Parties or Court resolves the dispute.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

(a)   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(1)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(2)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(3)   cooperate with respect to all reasonable procedures sought to be

1  pursued by the Designating Party whose Protected Material may be affected.

2        (b)    If the Designating Party timely seeks a protective order, the Party served

3  with the subpoena or court order shall not produce any information designated in this

4  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination

5  by the court from which the subpoena or order issued, unless the Party has obtained the

6  Designating Party's permission.  The Designating Party shall bear the burden and

7  expense of seeking protection in that court of its confidential material and nothing in

8  these provisions should be construed as authorizing or encouraging a Receiving Party

9  in this Action to disobey a lawful directive from another court.

10  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

11        IN THIS LITIGATION

12        (a)    The terms of this Order are applicable to information produced by a Non-

13  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL." Such information produced by Non-Parties in connection with this

15  litigation is protected by the remedies and relief provided by this Order.  Nothing in

16  these provisions should be construed as prohibiting a Non-Party from seeking additional

17  protections.

18        (b)    In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is

20  subject to an agreement with the Non-Party not to produce the Non-Party's confidential

21  information, then the Party shall:

22        (1)    promptly notify in writing the Requesting Party and the Non-Party

23  that some or all of the information requested is subject to a confidentiality agreement

24  with a Non-Party;

25        (2)    promptly provide the Non-Party with a copy of the Stipulated

26  Protective Order in this Action, the relevant discovery request(s), and a reasonably

27  specific description of the information requested; and

28        (3)    make the information requested available for inspection by the Non-

1    Party, if requested.

2         (c)    If the Non-Party fails to seek a protective order from this court within 14

3    days of receiving the notice and accompanying information, the Receiving Party may

4    produce the Non-Party's confidential information responsive to the discovery request.

5    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

6    any information in its possession or control that is subject to the confidentiality

7    agreement with the Non-Party before a determination by the court.  Absent a court order

8    to the contrary, the Non-Party shall bear the burden and expense of seeking protection

9    in this court of its Protected Material.

10   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

11         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12   Protected Material to any person or in any circumstance not authorized under this

13   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

14   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

15   all unauthorized copies of the Protected Material, (c) inform the person or persons to

16   whom unauthorized disclosures were made of all the terms of this Order, and (d) request

17   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

18   that is attached hereto as Exhibit A.

19   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

20         <u>PROTECTED MATERIAL</u>

21         When a Producing Party gives notice to Receiving Parties that certain

22   inadvertently produced material is subject to a claim of privilege or other protection,

23   the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil</u>

24   <u>Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure

25   may be established in an e-discovery order that provides for production without prior

26   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

27   parties reach an agreement on the effect of disclosure of a communication or

28   information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.   SECURITY OF COVERED INFORMATION:

Any person in possession of another Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information shall exercise the same care with regard to the storage, custody, or use of Confidential "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

(a)   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information under this Order;

(b)   An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

(c)   Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive, server) that are password protected and/or encrypted with access limited to persons entitled to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information under this Order. If the user is unable to password protect and/or encrypt the device, then the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information shall be password protected and/or encrypted at the file level.

(d)   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information in paper format is to be maintained in a secure location with access limited to persons

entitled to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information under this Order; and

(e)     Summaries of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, including any lists, memorandum, indices or compilations prepared or based on an examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, that quote from or paraphrase "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

(f)     If the Receiving Party discovers a breach of security[1] relating to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

13.     MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

1  Stipulated Protective Order.  Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.

3       13.3   Filing Protected Material.  A Party that seeks to file under seal any
4  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may
5  only be filed under seal pursuant to a court order authorizing the sealing of the specific
6  Protected Material at issue.  If a Party's request to file Protected Material under seal is
7  denied by the Court, then the Receiving Party may file the information in the public
8  record unless otherwise instructed by the Court.

9  14.   <u>FINAL DISPOSITION</u>

10      After the final disposition of this Action, as defined in paragraph 4, within 60
11  days of a written request by the Designating Party, each Receiving Party must return all
12  Protected Material to the Producing Party or destroy such material.  As used in this
13  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
14  summaries, and any other format reproducing or capturing any of the Protected
15  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party
16  must submit a written certification to the Producing Party (and, if not the same person
17  or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by
18  category, where appropriate) all the Protected Material that was returned or destroyed
19  and (2) affirms that the Receiving Party has not retained any copies, abstracts,
20  compilations, summaries or any other format reproducing or capturing any of the
21  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an
22  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
23  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
24  work product, and consultant and expert work product, even if such materials contain
25  Protected Material.  Any such archival copies that contain or constitute Protected
26  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

27  15.   <u>VIOLATION</u>

28      Any violation of this Order may be punished by any and all appropriate measures

1  including, without limitation, contempt proceedings and/or monetary sanctions.

2

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5

6  Dated: May 4, 2020                    **KING & SPALDING LLP**

7
                                        By: /s/ *Michael B. Shortnacy*
8                                       MICHAEL B. SHORTNACY (SBN 277035)
                                        LIVIA M. KISER (SBN 285411)
9                                       633 W. 5th Street, Suite 1600
                                        Los Angeles, CA 90071
10                                      Tel: (213) 443-4355
                                        Fax: (213) 443-4310
11                                      mshortnacy@kslaw.com
                                        lkiser@kslaw.com
12

13                                      *Attorneys for Defendant*
14                                      AMERICAN HONDA MOTOR CO., INC.

15

16  Dated: May 4, 2020                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

17                                      By: /s/ *Sean R. Matt*
                                        Christopher R. Pitoun (SBN 290235)
18                                      301 North Lake Avenue, Suite 920
                                        Pasadena, California 91101
19                                      Telephone: (213) 330-7150
                                        Facsimile: (213) 330-7152
20                                      *christopherp@hbsslaw.com*
21

22                                      Steve W. Berman (*pro hac vice*)
                                        Sean R. Matt (*pro hac vice*)
23                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1301 Second Avenue, Suite 2000
24                                      Seattle, Washington 98101
                                        Telephone: (206) 623-7292
25                                      Facsimile: (206) 623-0594
                                        *steve@hbsslaw.com*
26                                      *sean@hbsslaw.com*
27

28

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

Jeffrey S. Goldenberg (*pro hac vice*)
Todd Naylor (*pro hac vice*)
GOLDENBERG SCHNEIDER, LPA
One West 4th Street, 18th Floor
Cincinnati, Ohio 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
*jgoldenberg@gs-legal.com*
*tnaylor@gs-legal.com*

*Attorneys for Plaintiffs*

10 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

11 DATED:   __May 7, 2020_____

12

13 _____/ s / Sagar_____

14 Honorable Alka Sagar
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Central District of California on [date] in the

case of *Banh et al. v. American Honda Motor Co., Inc.*, Case No. 2:19-cv-05984

RGK(ASx).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____