STEVE W. BERMAN (*pro hac vice*)
SEAN R. MATT (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

CHRISTOPHER R. PITOUN (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
christopherp@hbsslaw.com

*Counsel for Plaintiffs and Class*

[Additional Counsel listed on Signature Page]

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JIMMY BANH *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation,<br><br>Defendant. | Case No.: 2:19-cv-5984 RGK (ASx)<br><br>[*The Honorable R. Gary Klausner*]<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
010811-12/1703570 V1

On June 3, 2021, the Court entered an Order re: Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement (Dkt. # 197) that preliminarily approved the Settlement Agreement in this Litigation and specified the manner in which the Settlement Administrator, Defendant American Honda Motor Co., Inc. ("AHM"), was to provide notice to the Settlement Class. The Settlement Agreement, which is incorporated herein by reference, sets forth the terms and conditions for a settlement and dismissal with prejudice of the Litigation. Terms and phrases in this Final Order and Judgment, unless otherwise defined herein, shall have the same meaning as ascribed to them in the Settlement Agreement.

Following the dissemination of the Notice and the posting of the Notice on the Settlement Website, Settlement Class Members were given an opportunity to: (i) submit timely requests for exclusion from the Settlement Class, or (ii) object to the Settlement Agreement (including the Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Award).

A Final Approval Hearing was held on **December 6, 2021 at 9am**, at which time each person filing timely written objections to the settlement and a notice of his/her intent to appear were given a full opportunity to state any objections to the settlement.

NOW THEREFORE, this matter having been brought before the Court on the motion of Named Plaintiffs Robert Bilbrey, Jimmy Banh, Mark Peoples, Jamal Samaha, George Quinlan, Sarah Gravlin, Alexis Chisari, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Mark Klein, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, and Kristen Gratton, through their attorneys, the Court, having fully considered the terms of the Settlement Agreement and all submissions made in connection with it, finds that the Settlement Agreement and the settlement shall be finally approved as fair, reasonable, and adequate, and the Litigation dismissed with prejudice as to all Settlement Class Members who have not excluded

themselves from the Settlement Class, and dismissed without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class as set forth on the list of Opt-Outs. The Court further finds the Released Claims are subject to the Release in accordance with Federal Rule of Civil Procedure 54 and other applicable laws.

The Court hereby makes the following findings of fact and conclusions of law:

1. The Court finds it has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class and has subject matter jurisdiction to approve the settlement and Settlement Agreement, including all Exhibits thereto.

2. The Court finds this order is being entered more than ninety (90) days after AHM provided notice of the proposed settlement to the Attorney General of the United States and the attorneys general of the States as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

3. The Court finds that the manner of dissemination and content of the Notice as specified in detail in the Settlement Agreement:

   i. constituted the best notice practicable;

   ii. constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing and of their right to seek monetary and other relief;

   iii. constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice;

   iv. met all applicable requirements of Due Process and any other applicable law or requirement; and

   v. full and fair opportunity has been afforded to the members of the Settlement Class to be heard at and to participate in the Final Approval Hearing.

4. The Court finds the settlement set forth in the Settlement Agreement is fair, reasonable, and adequate as to each of the Parties and as it applies to the Settlement Class, and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs consummation of all of its terms and provisions, and any timely and valid objections thereto are hereby overruled.

5. With respect to the Settlement Class, the Court finds and concludes, for settlement purposes only, that: (i) the Settlement Class Members are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (iii) the Named Plaintiffs' claims and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; (iv) the Named Plaintiffs and Class Counsel can protect, and have fairly and adequately protected, the interests of the Settlement Class Members in the Litigation; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the Litigation and provides substantial benefits to the Settlement Class Members and the Court. The Court therefore determines that this action satisfies the prerequisites for class certification for settlement purposes pursuant to Federal Rule of Civil Procedure 23.

6. The Court further finds that the Settlement Agreement is supported by the vast majority of the members of the Settlement Class. As of the last date by which requests for exclusion were to be postmarked in accordance with the terms of the Preliminary Approval Order, the Settlement Class Members who have opted out of the Settlement Class and any objections submitted are relatively few when compared to the total number of members of the Settlement Class. The terms of this Final Order and Judgment and the Settlement Agreement do not apply to the Opt-Outs or to any other persons the Parties agree in writing submitted timely and valid requests for

exclusion, unless such Opt-Outs or persons elect to claim the benefits set forth in the Settlement Agreement, thereby choosing to rescind their requests for exclusion from the Settlement Class by filing a Claim.

7. The Court finds that the Settlement Agreement and the settlement provided for therein and any proceeding taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability, a defect, or of any misrepresentation or omission in any statement or written document approved or made by AHM or any Releasee of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the settlement.

8. The Court finds that the Parties and the Settlement Administrator have fully complied with their respective obligations as set forth in the Preliminary Approval Order entered by this Court on June 3, 2021 (Dkt. # 197).

Based upon the foregoing findings of fact and conclusions of law, which are based upon and supported by the substantial evidence presented by the Parties hereto and members of the Settlement Class, all of which the Court has considered and is in the record before the Court,

IT IS HEREBY ORDERED as follows:

1. The preliminary certification of the Settlement Class in the Preliminary Approval Order is hereby confirmed and made final for purposes of the Settlement Agreement, as approved by this Final Order and Judgment. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for settlement purposes only, a Settlement Class defined as follows:

> All current owners and lessees of the 2019-2020 Acura RDX (each a "Settlement Class Vehicles"), who reside in, and who purchased or leased their vehicles (other than for purposes of resale or distribution) in, the United States, Puerto Rico, and all United States territories, as well as former owners and

lessees of Settlement Class Vehicles who submit a Claim. The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle during military duty.

2. Specifically excluded from the Settlement Class are: (1) AHM; (2) any affiliate, parent, or subsidiary of AHM; (3) any entity in which AHM has a controlling interest; (4) any officer, director, or employee of AHM; (5) any successor or assign of AHM; (6) any Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States, Puerto Rico, or other United States territories; (9) any former owner or lessee who does not file a Claim pursuant to the settlement; (10) any person who has resolved or otherwise released their claims as of the date of the settlement; and (11) all persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

3. The proposed method for providing relief to Settlement Class Members, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby ordered to implement, provide, and comply with the requirements and relief described in the Settlement Agreement in accordance with its terms. For settlement purposes only, the Court confirms its appointment of AHM as Settlement Administrator and finds the Settlement Administrator has fully discharged its duties as set forth in the Settlement Agreement.

4. The Court confirms its appointment of Class Counsel, for settlement purposes only, of: (1) Hagens Berman Sobol Shapiro, LLP; and (2) Goldenberg Schneider, LPA, and finds Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

5. The Court confirms its appointment, for settlement purposes only, of Named Plaintiffs Robert Bilbrey, Jimmy Banh, Mark Peoples, Jamal Samaha, George Quinlan, Sarah Gravlin, Alexis Chisari, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Mark Klein, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, and Kristen Gratton, for settlement purposes only, and finds Named Plaintiffs adequately represent the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

6. The Court awards Service Awards to the eighteen Class Representatives, totaling $120,000.00,[1] and a Class Counsel Fees and Expenses Award in the amounts of $2,260,794.00 (Fee Award) and $477,701.00 (Expense Award) to Class Counsel. These amounts shall be paid and distributed in accordance with the provisions of the Settlement Agreement.

7. The motion for final approval of all the terms set forth in the Settlement Agreement is GRANTED, and the Court hereby overrules all objections, as either untimely, not in accordance with the Court's previous order, or on their merits. The Court directs consummation of all of the Settlement Agreement's terms and provisions.

8. The Court approves the list of Opt-Outs attached hereto as Exhibit A and determines that Exhibit A is a complete list of all Settlement Class Members who timely have requested exclusion from the Settlement Class. The Opt-Outs shall neither share in nor be bound by the Final Order and Judgment, subject to the terms of the Settlement Agreement.

9. The Court adjudges that the Named Plaintiffs and Settlement Class Members have conclusively compromised, settled, dismissed, and released any and all claims against AHM and the Releasees.

---

[1] More specifically, the Eight Class Representatives who rejected AHM's Rule 68 offer of settlement will receive a $10,000.00 award each, and ten Class Representatives who were not offered settlements will receive $4,000.00 each.

10. The Court declares that the Settlement Agreement and this Final Order and Judgment to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release and the Released Claims maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their successors, assigns, past, present, and future parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs.

11. By operation of this Final Order and the Judgment entered therewith, effective as of the Effective Date, and in consideration of the Settlement Agreement and the benefits extended to the Settlement Class, the Named Plaintiffs, on behalf of themselves and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself or itself and his or her or its respective successors, assigns, past, present, and future parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, do or by operation of this Final Order and Judgment are deemed to have fully released and forever discharged the Releasees from the Released Claims in accordance and consistent with the terms of the Settlement Agreement, but not as to any obligations created or owed to them under the terms of the Settlement Agreement.

12. The Court dismisses on the merits and with prejudice the Corrected Second Amended Class Action Complaint (Dkt. # 66-1) in this Litigation without fees or costs except as provided in the Settlement Agreement. Upon the Effective Date, the Named Plaintiffs and all members of the Settlement Class who have not been excluded from the settlement, whether or not they submit a Claim Form within the time and in

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 7
010811-12/1703570 V1

the manner provided for, shall be barred from asserting any Released Claim against AHM, and any such members of the Settlement Class shall have released any and all Released Claims against the Releasees.

13.     Effective as of the date of this Order, to the fullest extent permitted by law, the Court orders and enters a permanent injunction barring and enjoining Settlement Class Members from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the Released Claims; and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of he Released Claims; the terms of the Release shall not apply to the Opt-Outs attached hereto or to any other persons the Parties agree in writing submitted timely and valid requests for exclusion and should also be listed as Opt-Outs unless such persons elect to claim the benefits set forth in the Settlement Agreement thereby choosing to rescind their requests for exclusion from the Settlement Class.

14.     The Court hereby authorizes the Parties, without further approval from the Court, to adopt such amendments, modifications and expansions of the Settlement Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with this Final Order and Judgment; and (ii) do not limit the rights of the Parties or Settlement Class Members.

15.     If (i) the Effective Date does not occur for any reason whatsoever, or (ii) the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

16. Without affecting in any way the finality of the judgment entered under this Final Order and Judgment, this Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

17. The Court finds that there is no reason for delay and directs the Clerk to enter this Final Order and Judgment in accordance with the terms of this Final Order and Judgment as of the date of this Order.

IT IS SO ORDERED.

DATED: January 19, 2022

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE